**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARMANDO MEDINA, JAIME LEONIDAS FERNANDEZ, and ARMANDO MEDINA, JR., on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) | |
| | ) | No. |
| Plaintiffs, | ) | |
| v. | ) | Judge |
| | ) | |
| PIZZA METRO, INC. and MARCO SCHIAVONI, individually, | ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Armando Medina, Jaime Leonidas Fernandez, and Armando Medina, Jr. (hereafter "Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown, in support of their Complaint against Defendants Pizza Metro, Inc. and Marco Schiavoni, individually (hereafter "Schiavoni")(collectively "Defendants"), state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), for Defendants' failure to pay Plaintiffs and other similarly situated employees earned minimum and overtime wages. Plaintiffs also bring individual claims under the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL") and the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, for Defendant's failure to pay them required overtime wages and minimum wages, respectively. Plaintiffs also bring individual claims under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("IWPCA") for Defendants' failure to compensate them for all time worked.

1

2. Plaintiffs and other similarly-situated, current and former employees worked for Defendants as delivery drivers. Defendants pay their delivery drivers sub-minimum hourly wages under the tip-credit provisions of the IMWL and the FLSA. Those provisions permit employers of tipped employees to pay wage rates less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions. 29 U.S.C. §203(m). Defendants failed to comply with those requirements, and thus violated the state and federal minimum wage laws.

3. Plaintiffs bring their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as representative party plaintiffs in this FLSA overtime lawsuit are attached hereto as Group Exhibit A.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events and omissions giving rise to this action occurred in this district.

6. This Court has supplemental jurisdiction over Plaintiffs' IMWL, IWPCA and City of Chicago Minimum Wage Ordinance claims pursuant to 28 U.S.C. § 1367.

## THE PARTIES

7. Plaintiffs reside in and are domiciled in this judicial district.

8. Defendant Pizza Metro, Inc. is an Illinois corporation.

9. Defendant Schiavoni is the owner and operator of Pizza Metro, Inc. located at 1707 W. Division St., Chicago, IL 60622.

10. Defendant Schiavoni is involved in the day-to-day business operations of Defendant Pizza Metro, Inc. Among other things, Mr. Schiavoni hires and fires employees, directs and supervises the work of employees, signs on Pizza Metro, Inc. checking accounts, including paychecks, and makes decisions regarding employee compensation and capital expenditures.

11. Defendant Pizza Metro, Inc. is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

12. Defendant Pizza Metro, Inc. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

13. During the last three years, Defendant Pizza Metro, Inc.'s annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

14. During the course of their employment with Defendant Pizza Metro, Inc., Plaintiffs handled goods, including perishable food products that moved in interstate commerce.

15. Defendant Pizza Metro, Inc. was Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

16. Defendant Pizza Metro, Inc. was Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c).

17. Defendant Pizza Metro, Inc. was Plaintiffs' "employer" as defined by the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

18. Defendant Pizza Metro, Inc. was Plaintiffs' "employer" as that term is defined by the IWPCA. 820 ILCS 115/2.

19. Plaintiffs were Defendant Pizza Metro, Inc.'s "employees" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

20. Plaintiffs were Defendant Pizza Metro, Inc.'s "employees" as defined by the IMWL, 820 ILCS 105/3(d).

21. Plaintiffs were Defendant Pizza Metro, Inc.'s "employees" as defined by the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

22. Plaintiffs were "employees" of Defendant Pizza Metro, Inc. as that term is defined by Section 2 of the IWPCA, 820 ILCS 115/2.

23. Defendant Schiavoni was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

24. Defendant Schiavoni was Plaintiffs' "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

25. Defendant Schiavoni was Plaintiffs' "employer" as defined by the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

26. Defendant Schiavoni was Plaintiffs' "employer" as that term is defined by the IWPCA. 820 ILCS 115/2.

27. Plaintiffs were Defendant Schiavoni's "employees" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

28. Plaintiffs were Defendant Schiavoni's "employees" as defined by the IMWL, 820 ILCS 105/3(d).

29. Plaintiffs were Defendant Schiavoni's "employees" as defined by the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

30. Plaintiffs were "employees" of Defendant Schiavoni as that term is defined by Section 2 of the IWPCA, 820 ILCS 115/2.

31. Defendant Schiavoni resides in this judicial district.

## FACTUAL BACKGROUND

32. Plaintiff Armando Medina worked for Defendants from approximately February 2013 through approximately September 15, 2016.

33. Plaintiff Jaime Leonidas Fernandez worked for Defendants from approximately October 2016 through approximately January 18, 2017.

34. Plaintiff Armando Medina, Jr. worked for Defendants from approximately August 2014 through approximately March 11, 2017.

35. Plaintiff Armando Medina was hired as a cook for Defendants and in approximately February 2014 he began working as both a delivery driver and cook for Defendants.

36. Plaintiff Armando Medina, Jr. was hired as a delivery driver and in approximately April 2016 he began working as a manager and delivery driver for Defendants.

37. Plaintiff Jamie Leonidas Fernandez worked for Defendants as a delivery driver.

38. While working as delivery drivers, in addition to delivering pizzas, Plaintiffs' job duties include, but are not limited to, organizing merchandise, cleaning snow, cleaning bathrooms, cleaning the kitchen, mopping, cleaning chairs, food preparation, window cleaning, purchasing supplies at various stores, throwing out trash, cleaning basement, and preparing boxes for pizzas.

39. When plaintiffs were required to perform tasks other than food delivery they were not performing a tip producing activity.

40. While working as delivery drivers, Plaintiffs were not paid hourly wages during their employment. Instead, Defendants paid delivery drivers a "shift pay" of $15 per day, the $3.00 fee per delivery Defendant's charged clients, and tips. See Exhibit B.

41. If a delivery driver was late for a shift, Defendant Schiavoni refused to pay the "shift pay" for that day.

42. The full applicable minimum wage in the State of Illinois has been $8.25 per hour for non-tipped employees and $4.95 per hour for tipped employees since January 1, 2011.

43. The applicable minimum wage in the City of Chicago has been $10.50 per hour for non-tipped employees and $5.95 per hour for tipped employees since July 2016.

44. An employer may take a tip credit on the wages of a "tipped employee" if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. 29 U.S.C. §203(m). The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. 29 U.S.C. §203(m). "'Tipped employee' means any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." *Driver v. AppleIllinois, LLC*, No. 06 C 6149, 2012 U.S. Dist. LEXIS 121332, *5 (Aug. 27, 2012) *quoting* 29 U.S. C. § 203(t).

45. If employees are required to perform both tipped and non-tipped work, employers must pay the full minimum wage for all hours that the employee spends performing non tipped work. *Driver v. AppleIllinois, LLC*, 890 F. Supp.2d 1008, 1031 (N.D.Ill.2012).

46. The shift pay and $3.00 per delivery plus tips, the wages paid to Plaintiffs, did not satisfy the full minimum wage in in or more individual work weeks.

47. In one or more individual work weeks during the prior three years, Plaintiffs and other delivery drivers were required to reimburse Defendants for errors in deliveries, damaged deliveries, customer complaints, and robberies.

48. Defendants required Plaintiffs and other similarly situated tipped delivery drivers to use their own vehicles to perform deliveries on behalf of Defendants.

49. Defendants required that Plaintiffs and other similarly situated tipped delivery drivers maintain their vehicle insured and legally operable to make Defendants' deliveries.

50. Defendants also required Plaintiffs and other similarly situated tipped delivery drivers to pay for their own gasoline, vehicle parts and fluids, repairs and maintenance services, insurance, depreciation and other expenses while delivering pizzas for the primary benefit of Defendants.

51. Defendants were required to reimburse Plaintiffs and other similarly situated delivery drivers for the vehicle-related expenses they incurred in order to ensure that the wages paid to Plaintiffs and other similarly situated delivery drivers did not fall below the minimum wage when these expenses were taken into account.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### Collective Action Under 29 U.S.C. §216(b)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

52. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §206, for the failure to pay Plaintiffs and other similarly-situated tipped employees minimum wages.

53. Plaintiffs bring this Count as a collective action under the Act. 29 U.S.C. §216(b). A copy of Plaintiffs' consent forms to act as representative plaintiffs are attached hereto as Exhibit A.

54. Plaintiffs and other similarly-situated employees worked as tipped delivery drivers.

55. Defendants paid Plaintiffs and other similarly-situated tipped delivery drivers at an hourly rate less than the full applicable minimum wage rate.

56. Defendants had a practice of regularly utilizing tipped delivery drivers to perform food delivery, cleaning duties, stocking, and other duties outside the scope of the tipped occupation, while paying those employees at a rate less than the full applicable minimum wage rate.

57. Although Defendants took the tip credit by paying Plaintiffs and the other tipped delivery drivers less than the minimum hourly wage, Defendants did not inform Plaintiffs and its other tipped delivery drivers of the provisions of the tip-credit subsection. 29 U.S.C. § 203(m).

58. During one or more work weeks in the last three years, Defendants took deductions from the tips earned by Plaintiffs and other similarly-situated employees to reimburse Defendants for errors with deliveries, damaged deliveries, and customer complaints.

59. Because of these deductions, Plaintiffs and other similarly-situated employees did not retain all of the tips they received, in violation of section 3(m) of the FLSA. 29 U.S.C. § 203(m).

60. Plaintiffs were not reimbursed for out-of-pocket vehicle maintenance and costs that caused their wages to fall below the required minimum wage.

61. In addition, in one or more work weeks during the prior three years, the wages paid to Plaintiffs combined with the tips they received from customers did not satisfy the full minimum wage.

62. Defendants' practices violate the minimum wage provisions of the FLSA.

63. Plaintiffs and other tipped delivery drivers of Defendants are entitled to recover unpaid minimum wages for a period of three years, because Defendants' violations of the FLSA were willful.

WHEREFORE, Plaintiffs, for themselves and on behalf of all similarly-situated persons, pray for judgment against Defendants as follows:

A. A judgment in the amount of the owed minimum wages due to Plaintiffs and similarly-situated employees for all time worked;

B. Liquidated damages in an amount equal to the unpaid minimum wages;

C. Reasonable attorneys' fees;

D. Costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Plaintiffs Individually Only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 63 of this Complaint as if fully set forth herein.

64. This Count arises from Defendants' failure to pay Plaintiffs earned minimum wages in violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*.

65. Plaintiffs worked for Defendants as a tipped delivery driver.

66. Defendants paid Plaintiffs a sub-minimum wage, or "tip-credit," hourly rate of pay.

67. In one or more work weeks, Defendants required Plaintiffs to perform non-tipped work while paying them a sub-minimum tip-credit wage rate.

68. During one or more work weeks in the last three years, Defendants took deductions from the tips earned by Plaintiffs to reimburse Defendants for errors with deliveries, damaged deliveries, and customer complaints.

69. Because of these deductions, Plaintiffs did not retain all of the tips they received, in violation of section 3(m) of the FLSA. 29 U.S.C. § 203(m).

70. Plaintiffs were not reimbursed for out-of-pocket vehicle maintenance and costs that caused their wages to fall below the required minimum wage.

71. In addition, in one or more work weeks during the prior three years, the wages paid to Plaintiffs combined with the tips they received from customers did not satisfy the full minimum wage.

72. Defendants' practices violate the minimum wage provisions of the IMWL.

73. Plaintiffs are entitled to recover unpaid minimum wages for a period of three years.

74. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover their unpaid wages, plus prejudgment interest in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. A judgment in the amount of the owed minimum wages due to Plaintiffs for all time worked;

B. Prejudgment interest on the back wages owed in accordance with 820 ILCS 105/12;

C. An injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*;

D. Reasonable attorneys' fees;

E. Costs incurred in filing this action; and

F. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Plaintiffs on their own behalf and on behalf of similarly situated employees)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 74 of this Complaint, as if fully set forth herein.

75. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., for Defendants' failure to pay overtime wages to Plaintiffs for all time they worked in excess of forty (40) hours per week.

76. In one or more individual work weeks during their employment by Defendants, Plaintiffs worked in excess of forty (40) hours per week.

77. Defendants did not pay Plaintiffs one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours individual work weeks.

78. Other similarly situated hourly employees have likewise performed non-exempt work for Defendants, but Defendants have failed to pay them all overtime wages for work performed in excess of forty (40) hours per week.

79. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

80. Pursuant to 29 U.S.C. § 207, for all weeks during which other similarly-situated hourly employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times his regular rate of pay.

81. Defendants' failure to pay overtime wages to Plaintiffs for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

82. Defendants' failure to pay overtime wages to other similarly situated hourly employees for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

83. Defendants' failure to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the federal or Illinois minimum wage or Plaintiffs' regular rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 83 of this Complaint, as if fully set forth herein.

84. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

85. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

86. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular rate of pay for time they worked in excess of forty (40) hours per week.

87. During their employment with Defendants, Plaintiffs worked in excess of forty (40) hours in one or more individual work weeks.

88. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular rate of pay for time worked in excess of forty (40) hours per week.

89. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. a judgment in the amount of one and one-half times the greater of the then-applicable Illinois minimum wage or his regular rate of pay for all hours in which Plaintiffs worked in excess of forty (40) hours in individual work weeks;

B. interest equal to 2 percent of the amount of under-payment for each month following the date of under-payment, as provided for by 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in filing this action; and

D. such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the City of Chicago Minimum Wage Ordinance - Minimum Wages
### (Plaintiffs Individually Only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 89 of this Complaint, as if fully set forth herein.

90. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

91. This count arises from Defendants' violation of the minimum wage provisions of the City of Chicago Minimum Wage Ordinance. Chapter 1-24, Section 1-24-020. Plaintiffs bring this action pursuant to Chapter 1-24, Section 1-24-110.

92. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, for all time Plaintiffs worked for Defendant, they were entitled to be compensated at the applicable City of Chicago Minimum Wage.

93. Defendants violated the City of Chicago Minimum Wage Ordinance by failing to compensate Plaintiffs at the then applicable City of Chicago Minimum Wage for all time worked in one or more individual workweeks.

94. In July 2016 the minimum wage in the City of Chicago was $10.50 per hour.

95. Plaintiffs were not paid an hourly wage for the work they performed on behalf of Defendants.

96. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110, Plaintiffs are entitled to recover three times the amount of any underpayment, along with costs and reasonable attorneys' fees allowed by the court.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of Plaintiffs' unpaid minimum wages for all time worked;

B. Punitive damages as set forth in City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages
### (Plaintiffs Individually Only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 96 of this Complaint as if fully set forth herein.

97. This Count arises from Defendants violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, for their failure to pay Plaintiffs earned wages for all of their time worked at the rate agreed upon by the parties.

98. During the course of their employment with Defendants, Plaintiffs were not compensated for all of the time they were required to work during certain work weeks.

99. Plaintiffs were entitled to be paid for all time worked at the rate agreed upon by the parties.

100. Defendant's failure to pay Plaintiffs for all time worked at the rate agreed upon by the parties violated the IWPCA.

WHEREFORE, Plaintiffs request a judgment against Defendants as follows:

A. A judgment in the amount of all back wages found owing;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C. An injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*; and

D. Such other and further relief as this Court deems appropriate and just.

                                Respectfully submitted,

Dated: May 11, 2017            s/Douglas M. Werman
                                              One of Plaintiffs' Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs